## UNITED STATES *v.* ALLEN.

APPEAL FROM THE COURT OF CLAIMS.

Submitted October 26, 1887. — Decided November 7, 1887.

The percentage allowed to officers of the Navy under General Order No. 75 of May 23, 1866, in lieu of all allowances except for mileage or travelling expenses, is to be calculated on the amount statedly received by the officer as statutory pay at the time the order was in force, and is not to be increased by the additional compensation allowed by the act of March 3, 1883, 22 Stat. 473.

*United States* v. *Philbrick*, 120 U. S. 52, explained.

APPEAL from the Court of Claims. The following were the findings of fact.

This case having been heard by the Court of Claims, the court, upon the evidence, finds the facts to be as follows:

First. Robert W. Allen is an officer of the Navy, to wit, a paymaster thereof; and he has served as such since the 1st day of February, 1868.

Second. In the adjustment of his claim for the benefits of the act of March 3, 1883, the accounting officers of the Treasury deducted from the settlement made in his favor the sum of §1112.75, being the amount paid him, under General Order No. 75, issued by the Secretary of the Navy, May 23, 1866.

Third. Said accounting officers refused in the settlement of

said claim to allow claimant the further sum of $206.04, which said amount would have accrued to him, if he had been credited, at that time, with his service prior to the date of his commission as paymaster.

Fourth. The following is General Order No. 75, referred to in Finding II:

[General Order No. 75.]

"NAVY DEPARTMENT, *May* 23, 1866.

"Congress having, in view of the call for increased compensation for officers of the Navy, repealed the law which prohibited any allowance to them 'for rent of quarters or to pay rent for furniture, or for lights and fuel, &c.,' the Department, in order to prevent a recurrence of the irregularities, abuses, and arbitrary allowances which occasioned the prohibition, deems it proper to establish a fixed rate of compensation in lieu of the extra allowances which were prohibited by the law now repealed. Accordingly, from and after the first day of June proximo, officers who are not provided with quarters on shore stations will be allowed a sum equal to $33\frac{1}{3}$ per centum of their pay in lieu of all allowances, except for mileage or travelling expenses under orders; and those provided with such quarters, 20 per centum of their pay in lieu of said allowances.

"The act of March 3, 1865, having increased the pay of midshipmen and mates, the allowances hereby authorized will not be extended to them.

"GIDEON WELLES,
"*Secretary of the Navy.*"

On these facts the court gave judgment against the defendant for $1318.79, from which judgment this appeal was taken.

*Mr. Attorney General, Mr. Assistant Attorney General Howard,* and *Mr. F. P. Dewees* for appellant.

*Mr. John Paul Jones* and *Mr. Robert B. Lines* for appellee.

MR. JUSTICE HARLAN delivered the opinion of the court.

The appellee is a paymaster in the Navy, having served in that capacity since February 1, 1868. In the adjustment of his claim for the benefits of what is known as the Longevity Act of March 3, 1883, 22 Stat. 473, the accounting officers of the Treasury deducted the sum of $1112.75, the amount paid the claimant under General Order No. 75, issued by the Secretary of the Navy, under date of May 23, 1866, in relation to allowances "for rent of quarters or to pay rent for furniture, or for lights and fuel," &c. The object of the order, as appears upon its face, was to establish a fixed rate of compensation in lieu of the extra allowances prohibited by the act of March 3, 1835, 4 Stat. 753, which last act was repealed by that of April 17, 1866, 14 Stat. 33, 38. That order made an allowance to officers, not provided with quarters on shore stations, of "a sum equal to 33⅓ per centum of their pay in lieu of all allowances, except for mileage and travelling expenses under orders; and those provided with such quarters, 20 per centum of their pay in lieu of said allowances." It also stated: "The act of March 3, 1865, having increased the pay of midshipmen and mates, the allowances hereby authorized will not be extended to them."

The findings of fact further state that "said accounting officers refused, in the settlement of said claim, [under the act of 1883,] to allow claimant the further sum of $206.04, which said amount would have accrued to him if he had been credited, at that time, with his service prior to the date of his commission as paymaster." The court below, following the decision in *United States* v. *Philbrick*, 120 U. S. 52, which sustained the validity of the said general order, held the deduction of $1112.75, to be unauthorized by law; and, without considering the merits of the question made as to the item of $206.04, adjudged — upon the ground that, in its opinion, the decision in Philbrick's case required it to be done — that the appellee should also have been allowed the latter sum in the settlement of his claim under the act of 1883.

It is possible that the findings in Philbrick's case, although

very meagre and obscure, involved the question now presented. But no such point was suggested by counsel, and it was not considered by this court. The only question actually disputed in that case was as to the validity of General Order No. 75; and this court was led to believe that if that order was sustained as a proper exercise of authority by the Secretary of Navy, the affirmance of the judgment below would follow as a matter of course.

We are not at all certain from the pleadings and findings in the present case what is the precise question raised in respect to the item of $206.04. The act of March 3, 1883, provides that "all officers of the Navy shall be credited with the actual time they may have served as officers or enlisted men in the regular or volunteer Army or Navy, or both, and shall receive all the benefits of such actual service, in all respects, in the same manner as if all said service had been continuous and in the regular Navy in the lowest grade having graduated pay held by such officer since last entering the service : *Provided,* That nothing in this clause shall be so construed as to authorize any change in the dates of commission or in the relative rank of such officers : *Provided further,* That nothing herein contained shall be so construed as to give any additional pay to any such officer during the time of his service in the volunteer Army or Navy." 22 Stat. 473, c. 97. The question which counsel for the appellee contend is presented by the record is, whether appellee is entitled, in the settlement of his account under the act of 1883, "to the longevity increment of his 33⅓ per cent of salary allowed in lieu of fuel, quarters, &c., under Navy General Order No. 75, of May 23, 1866." It is perfectly clear, they argue, that if the act of 1883 had been in force in 1866, the salary of appellee would have been larger than it actually was by reason of the credit for prior service, which the act of 1883 now directs to be given to them ; that is, their salaries being larger, the 33⅓ per cent allowance would have been correspondingly larger, and they should now receive the difference in that item.

We do not concur in this interpretation of the statute. The allowances provided for in the General Order of 1866 were

made pursuant to rules and regulations established for the apportionment from time to time of sums appropriated in gross by Congress for specific objects connected with the naval service. They constituted no part of the pay proper of officers, and were designed to meet certain expenses they would necessarily incur in the discharge of their duties. The Secretary used their regular pay simply as a basis upon which to calculate the percentage allowed for commutation of quarters, &c. That percentage is to be ascertained by reference to the amount statedly received by the officer, as statutory pay, at the time General Order No. 75 was in force, and is not to be increased by the additional compensation allowed by the act of 1883, as the result of giving him the benefits of actual service, as if it " had been continuous and in the regular Navy in the lowest grade having graduated pay held by such officer since last entering the service."

*These views lead to a reversal, with directions to enter judgment in favor of the claimant, only for the sum of $1112.75.*